**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JOSEPH ANTHONY REYNA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-25-GBW-SRF |
| | ) | |
| ANHEUSER-BUSCH INBEV SA/NV, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Joseph Anthony Reyna ("Plaintiff") filed this action on January 9, 2026, bringing federal claims under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); the Digital Millenium Copyright Act, 17 U.S.C. §§ 501, 1202 ("DMCA"); and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02; as well as state law claims for unjust enrichment and civil conspiracy against defendants Anheuser-Busch InBev SA/NV, Anheuser-Busch, LLC, and Doe Entities 1 to 50 ("Defendants"). (D.I. 3) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The court proceeds to review and screen the matter pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons set forth below, I recommend that the court DISMISS the complaint WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's motion for an exemption from the PACER user fees (D.I. 8), motion for relief from the service deadline under Federal Rule of Civil Procedure 4(m) (D.I. 9), and motion for authorization to file electronically (D.I. 11), are DENIED as moot.[1]

[1] The screening of Plaintiff's complaint is dispositive and requires recommended disposition under 28 U.S.C. § 636(b)(1)(B). Plaintiff's pending motions are non-dispositive and are therefore addressed under 28 U.S.C. § 636(b)(1)(A).

## I. BACKGROUND

Plaintiff is a Texas resident and the owner of U.S. Trademark Registration No. 6,057,783 for the JOECAT® mark. (D.I. 3 at ¶ 5) He alleges that Defendants "implemented advertising strategies relying on ultra-short audio samples, micro-clips, and platform-optimized formats designed to minimize or eliminate licensing payments and attribution obligations." (*Id.* at ¶ 20) According to Plaintiff, Defendants claimed to have spent "$0 in music rights" on certain advertising campaigns. (*Id.* at ¶ 21) The complaint does not identify any instance in which Defendants used Plaintiff's protected work in their marketing or advertising. Plaintiff seeks monetary damages and equitable and injunctive relief. (*Id.* at ¶ 39)

## II. LEGAL STANDARDS

A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions). The court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Section 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a

complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provision of 28 U.S.C. § 1915, however, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

I recommend that the court dismiss the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) because Plaintiff lacks standing to bring suit. To establish standing, a plaintiff must show: (1) injury-in-fact, (2) causation, and (3) redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). "Plaintiff has the burden of demonstrating that these requirements

are met at the 'commencement of the litigation,' and must do so 'separately for each form of relief sought.' " *Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist.*, 832 F.3d 469, 476 (3d Cir. 2016) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)). If a plaintiff fails to satisfy the requirements, the case must be dismissed for lack of subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998).

A plaintiff must allege a personal injury fairly traceable to the defendant's purportedly unlawful conduct, and it must be likely that the injury can be redressed by the requested relief. *Allen v. Wright*, 468 U.S. 737, 751 (1984). Here, the complaint fails to identify any injury-in-fact suffered by Plaintiff and caused by Defendants' conduct. Instead, the complaint generally alleges that Defendants use advertising strategies "designed to minimize or eliminate licensing payments and attribution obligations," without describing any use by Defendants of Plaintiff's copyrighted or trademarked work that resulted in an actual injury to Plaintiff. (D.I. 3 at ¶ 20) Consequently, the pleaded allegations fail to identify an injury-in-fact sufficient to establish Plaintiff's standing to bring suit. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010) (explaining that, for purposes of standing, the requisite injury-in-fact must be "[1] concrete, particularized, and actual or imminent, [2] fairly traceable to the challenged action, and [3] redressable by a favorable ruling."). Although the court would normally allow a *pro se* plaintiff an opportunity to amend the complaint to cure the deficiencies before recommending dismissal with prejudice, the circumstances of this case, addressed *infra*, support dismissal with prejudice. *See Boone v. Probation & Parole of New Castle Cnty., Del.*, C.A. No. 18-1663-MN, 2019 WL 1792300, at *4 (D. Del. Apr. 24, 2019) (holding amendment would be futile where the plaintiff lacked standing for failure to plead an injury-in-fact).

The court takes judicial notice that Plaintiff has an extensive history of filing *pro se* frivolous litigation in other districts and has been barred from filing in at least three districts. *See, e.g., Reyna v. Block, Inc.*, 2025 WL 3048972, at *1 (W.D. Tex. Oct. 30, 2025), *aff'd sub nom. Reyna v. Block, Inc., doing business as Cash App*, 2026 WL 1388721 (5th Cir. May 18, 2026) (barring Plaintiff from filing future complaints in the district without first obtaining approval); *Reyna v. Meta Platforms Inc.*, 2026 WL 569037, at *2 (N.D. Tex. Jan. 26, 2026), *report and recommendation adopted*, 2026 WL 565323 (N.D. Tex. Feb. 27, 2026) (barring Plaintiff from filing future complaints without first paying the filing fee and obtaining leave of court); *Reyna v. Graham*, 2026 WL 3257495, at *4 (S.D.N.Y. Oct. 24, 2026) (barring Plaintiff from filing any future civil IFP action without first obtaining leave of court). To date, Plaintiff has filed no less than 40 cases across 10 districts, including Delaware.

Although this is the first action filed by Plaintiff in this district, it appears to be an attempt to evade sanctions in other districts. Therefore, I recommend that the court enforce the sanctions imposed by sister courts by declining to grant *in forma pauperis* status and/or imposing a filing bar if Plaintiff proceeds to file any additional frivolous cases in this district. *See Schmidt v. Van Buren*, 243 Fed. Appx. 803 (5th Cir. 2007) (per curiam)); *Greene v. Alhambra Hospital Medical Ctr.*, 2016 WL 3176596 (D. Nev. May 17, 2016) (imposing prefiling restrictions where the plaintiff filed the case "[a]s a means to avoid the Central District's vexatious litigant order and in light of his lack of success circumventing that order by initiating lawsuits in other districts."); *see also Wilson v. Star Bank*, 173 F.3d 857 (6th Cir. Jan. 28, 1999) (affirming district court's consideration of prior lawsuits filed by plaintiff in other courts); *In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982) ("[A] continuous pattern of groundless and vexatious litigation can, at some point, support an order against further filings of complaints without the permission of the

court."). To obtain leave to file, Plaintiff must file an "Application Pursuant to Court Order Seeking Leave to File" with a copy of the proposed complaint and certify that: (1) the claim or claims presented have never been raised and disposed of on the merits by any federal court; and (2) the claim or claims are not frivolous or taken in bad faith. Additionally, any application seeking leave to file must either cite to or affix a copy of this court's order.

## IV. CONCLUSION

Plaintiff's motion for an exemption from PACER user fees (D.I. 8), motion for relief from the Rule 4(m) service deadline (D.I. 9), and motion for authority to file electronically (D.I. 11) are DENIED as moot. (D.I. 12) For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

## ORDER

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1. The Report and Recommendation issued on November __, 2026 is **ADOPTED**.

2. Plaintiff's complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and the case is **CLOSED**.

3. Plaintiff is **BARRED** from filing future actions in this court without first paying the filing fee and obtaining leave of court to do so. To obtain leave to file, Plaintiff must file an "Application Pursuant to Court Order Seeking Leave to File" with a copy of the proposed complaint and certify that: (1) the claim or claims presented have never been raised and disposed of on the merits by any federal court; and (2) the claim or claims are not frivolous or taken in bad faith. Additionally, any application seeking leave to file must either cite to or affix a copy of this court's order.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: November 9, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE